UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

In re:                                                        CASE NO. 14-32827-BKC-JKO

Mapuche LLC ,                                           CHAPTER 7

       Debtor.

_____/

**CHAPTER 7 TRUSTEE'S *EX-PARTE* APPLICATION FOR EMPLOYMENT OF
GLENN D. MOSES, ESQ. AND THE LAW FIRM OF GENOVESE JOBLOVE &
BATTISTA, P.A. AS COUNSEL**

**KENNETH A. WELT**, the Chapter 7 Trustee (the "Trustee") for Mapuche, LLC (the

"Debtor"), files this *Ex-Parte* Application For Employment of Attorney (the "Application"), and

requests that this Court enter an Order authorizing the employment of Glenn D. Moses, Esq. and

the law firm of Genovese Joblove & Battista, P.A. ("GJB") as his counsel.  In support of this

Application, the Trustee relies on the Affidavit of Michael L. Schuster (the "Schuster

Affidavit"), a copy of which is attached as **Exhibit "A"**, and further represents as follows:

      1.     On October 14, 2014, the Debtor filed a voluntary petition for relief under

Chapter 7 of the Bankruptcy Code.  Kenneth A. Welt was thereafter appointed as the Debtor's

Chapter 7 Trustee.

      2.     By this Application, the Trustee respectfully requests the entry of an order,

pursuant to section 327(a) of the Bankruptcy Code, authorizing him to employ and retain GJB as

his counsel to perform the services that will be necessary during the administration of the

bankruptcy case.

      3.     The Trustee believes that the attorneys at GJB are well qualified to practice in this

Court and to represent the Trustee herein.

4.      Except as set forth in the Schuster Affidavit, to the best of the Trustee's knowledge, the shareholders, partners, counsel and associates of the firm of GJB: (a) do not have any connection with the Debtor, the Debtor's creditors, the U.S. Trustee, any person employed in the office of the U.S. Trustee, or any other party in interest; (b) are "disinterested persons," as that term is defined in Section 101(14) of the Bankruptcy Code; and (c) do not hold or represent any interest adverse to the Debtor.

5.      The professional fees and costs to be incurred by GJB in the course of its representation of the Trustee in this case shall be subject in all respects to the application and notice requirement of 11 U.S.C. §§ 330 and 331 and Fed. R. Bank. P. 2014 and 2016.

**WHEREFORE**, Kenneth A. Welt, Chapter 7 Trustee, respectfully requests the Court approve the Application and enter an order attached hereto as **Exhibit "B"**, authorizing the retention of Glenn D. Moses, Esq. and Genovese Joblove & Battista, P.A., on an hourly basis, pursuant to 11 U.S.C. §§327 and 330 of the Bankruptcy Code.

Respectfully submitted this 17th day of October, 2014.

/s/ Kenneth A. Welt_____
KENNETH A. WELT,
Chapter 7 Trustee for Mapuche, LLC

2

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was served to all

parties on the attached service list via CM/ECF, U.S. Mail, electronic mail, and/or facsimile on

this 17th day of October, 2014.

/s/ Glenn D. Moses
Glenn D. Moses

## SERVICE LIST

**14-32827-JKO Notice will be electronically mailed to:**

Thomas M. Messana, Esq. on behalf of Debtor Mapuche LLC
tmessana@messana-law.com, emair@messana-law.com;blieberman@messana-law.com;thurley@messana-law.com;tmessana@bellsouth.net;nbarrus@messana-law.com;ekates@bakerlaw.com;jmooremaley@messana-law.com;tzeichman@messana-law.com

Office of the US Trustee
USTPRegion21.MM.ECF@usdoj.gov

Kenneth A Welt
fl10@ecfcbis.com;pacerfilings@gmail.com;kaw@trustesolutions.net;court@trusteeservices.biz

## VIA U.S. MAIL

*Debtor*
Mapuche LLC
375 North University Drive
Plantation, FL 33324

American Education & Translation
8250 SW 116 Street
Miami, FL 33156

Becker & Poliakoff PA
1 East Broward Blvd, Ste 1800
Fort Lauderdale, FL 33301

Global Legal Discovery LLC
1330 Spring Street, Ste 100
Atlanta, GA 30309

GrayRobinson PA
301 E Pine Street, Suite 1400
PO Box 3068
Orlando, FL 32802

Hong Huang
21200 NE 38 Ave, Ste 2805
Aventura, FL 33180

International Revenue Service
Centralized Insolvency Operations
PO Box 7346
Philadelphia, PA 19101-7346

Jin Zhi Star (US) Company
375 North University Dr
Plantation, FL 33324

LNT Trucking Inc.
3521 Farrington Street, #2R
Flushing, NY 11354

Mercedes Benz Financial Service
P O Box 5209
Carol Stream, IL 60197

Porsche Payment Center
75 Remittance Drive, Suite 1738
Chicago, IL 60675-1738

Tangshan Ganglu Iron&steel Co Ltd
198 East Street
Hebei Province Zunhua Zhenhai

Trump National Golf Club
100 Shadow Tree Lane
Briarcliff Manor, NY 10510

W C
21200 NE 38 Ave, Ste 2805
Aventura, FL 33180

Z J
1852 Aspen Lane
Weston, FL 33327

Zhenzeng Du
21200 NE 38 Ave, Ste. 2503
Aventura, FL 33180

## EXHIBIT "A"

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

In re:                                                    CASE NO. 14-32827-BKC-JKO
Mapuche LLC ,                                             CHAPTER 7

       Debtor.

_____/

**AFFIDAVIT OF MICHAEL L. SCHUSTER, ESQ., ON BEHALF OF GENOVESE
JOBLOVE & BATTISTA, P.A., AS PROPOSED COUNSEL FOR THE TRUSTEE**

STATE OF FLORIDA            )
                                  ) ss:
COUNTY OF MIAMI-DADE     )

MICHAEL L. SCHUSTER, being duly sworn, deposes and say:

1.        I am an attorney in the law firm of Genovese Joblove & Battista, P.A. ("GJB").  GJB maintains offices for the practice of law at 100 Southeast Second Street, Suite 4400, Miami, Florida 33131 and at 200 East Broward Boulevard, Suite 1110, Fort Lauderdale, Florida 33301.

2.        I am familiar with the matters set forth herein and submit this Affidavit in support of the Application of the Kenneth A. Welt, Chapter 7 Trustee (the "Trustee") for Mapuche, LLC (the "Debtor"), for employment of GJB as his counsel (the "Application").

3.        In support of the Application, I disclose the following:

        a.        Unless otherwise stated, this Affidavit is based upon facts of which I have personal knowledge.

        b.        In preparing this Affidavit, I have reviewed the list of all creditors and equity security holders of the Debtor that have been made available to date.  GJB maintains a computerized conflicts check system.  GJB has compared the information obtained thereby with the information

contained in its client and adverse party conflict check system. The facts stated in this Affidavit as to the relationship between GJB and the Debtor, the Debtor's creditors, the United States Trustee, other persons employed by the Office of the United States Trustee, and those persons and entities who are defined as disinterested persons in Section 101(14) of the Bankruptcy Code, are based on the results of my review of GJB's conflict check system. Based upon such search, and except as otherwise provided herein, GJB does not represent any entity in any matter involving or adverse to the Debtor or which would constitute a conflict of interest or impair the disinterestedness of GJB in respect of its representation of the Trustee herein.

4.      GJB's client and adverse party conflicts check system is comprised of records regularly maintained in the course of business by GJB, and it is the regular practice of GJB to make and maintain these records. The system reflects entries that are noted at the time the information becomes known by persons whose regular duties include recording and maintaining this information. I regularly use and rely upon the information contained in the system in the performance of my duties with GJB and in my practice of law.

5.      Except as otherwise disclosed herein, a search of GJB's conflicts check system and the responses from attorneys at GJB revealed that GJB, except as provided herein, neither holds nor represents any interest adverse to the Debtor and is a "disinterested person" within the scope and meaning of Section 101(14) of the Bankruptcy Code.

6.      Neither I nor GJB has or will represent any other entity in connection with these cases, and neither I nor GJB will accept any fee from any other party or parties in these cases, unless otherwise authorized by the Court.

2

7.      The professional fees and costs to be incurred by GJB in the course of its representation of the Trustee in this case shall be subject in all respects to the application and notice requirement of 11 U.S.C. §§ 330 and 331 and Fed. R. Bank. P. 2014 and 2016.

8.      The hourly rates for the attorneys at GJB range from $200 to $600 per hour. The hourly rates for the legal assistants at GJB range from $125 to $195. GJB reserves the right to increase its hourly rates in accordance with its normal and customary business practices.

9.      There is no agreement of any nature as to the sharing of any compensation to be paid to GJB, except between the attorneys of GJB. No promises have been received by GJB, nor any member or associate thereof, as to compensation in connection with these cases other than in accordance with the provisions of the Bankruptcy Code.

10.     No attorney at GJB holds a direct or indirect equity interest in the Debtor, including stock or stock warrants, or has a right to acquire such an interest.

11.     No attorney at GJB is or has served as an officer, director or employee of the Debtor within two years before the Petition Date.

12.     No attorney at GJB is in control of the Debtor or is a relative of a director, officer or person in control of the Debtor.

13.     No attorney at GJB is a general or limited partner of a partnership in which the Debtor is also a general or limited partner.

14.     No attorney at GJB is or has served as an officer, director or employee of a financial advisor that has been engaged by the Debtor in connection with the offer, sale or issuance of a security of the Debtor, within two years before the Petition Date.

3

15.     No attorney at GJB has represented a financial advisor of the Debtor in connection with the offer, sale or issuance of a security of the Debtor within three years before the Petition Date.

16.     No attorney at GJB has any other interest, direct or indirect, that may be affected by the proposed representation.

17.     GJB has represented, and continues to represent, Kenneth A. Welt as a court appointed fiduciary, including as chapter 7, 11 and/or liquidating trustee, in several unrelated matters pending in the United States Bankruptcy Court for the Southern District of Florida.

18.     Alfredo Gonzalez, an attorney and partner at GJB, is a title insurance agent for Chicago Title. This estate may have claims against Chicago Title or related entities. Chicago Title or related entities may have claims against the Debtor. I do not believe that this connection impairs GJB's ability to represent the Trustee.

19.     Pursuant to a Bankruptcy Court approved litigation pooling and sharing agreement, GJB also represents Mr. Welt in his individual capacity in the case of *In re Nica Holdings, Inc.*, Case Number 12-32686-JKO and a related state court professional negligence case against the former attorneys for Nica Holdings pending in Miami-Dade Florida Circuit Court. GJB is not due any money from Mr. Welt in regard to the *Nica Holdings* case. In the future, and pursuant to the Bankruptcy Court approved arrangement, GJB may be entitled to a 2% contingency fee based on any gross recoveries of claims against Squire Sanders, et al. in that case, but such contingency fee would be paid by the *Nica Holdings* bankruptcy estate, and not by Mr. Welt individually.

20.     It is my understanding that the creditor matrices used by GJB for its conflict check may be based on preliminary information submitted by the Debtor. GJB will perform additional

4

conflict checks as additional parties in interest are identified and will update or supplement the disclosures regarding GJB's disinterestedness as necessary.

21.    No attorney at GJB has had or presently has any connection with the above-captioned Debtor or the estate on any matters in which GJB is to be engaged, except that I, GJB and our attorneys: (i) may have appeared in the past and may appear in the future in other cases in which one or more of said parties may be involved; and (ii) may represent or may have represented certain of the Debtor's creditors in matters unrelated to these cases.

FURTHER, AFFIANT SAYETH NAUGHT.

_____
Michael L. Schuster, Esq.

SWORN TO AND SUBSCRIBED before me this _17_ day of October, 2014.

_____
NOTARY PUBLIC,
STATE OF FLORIDA AT LARGE

Print Name:_JEAN MARIE WILSON_
Commission No._____
Commission Expires:_____



JEAN MARIE WILSON
Notary Public - State of Florida
My Comm. Expires Oct 25, 2015
Commission # EE 110809
Bonded Through National Notary Assn.

5

**EXHIBIT "B"**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

In re:                                                      CASE NO. 14-32827-BKC-JKO
Mapuche LLC,                                                CHAPTER 7

      Debtor.

_____/

**ORDER APPROVING CHAPTER 7 TRUSTEE'S *EX-PARTE***
**APPLICATION FOR EMPLOYMENT OF GLENN D. MOSES, ESQ.**
**AND THE LAW FIRM OF GENOVESE JOBLOVE & BATTISTA, P.A.**
**<u>AS COUNSEL</u>**

**THIS MATTER** came before the Court upon the Chapter 7 Trustee's *Ex-Parte*

Application for Employment of Glenn D. Moses, Esq. and the Law Firm of Genovese Joblove &

Battista, P.A. as Counsel (the "Application") [ECF No. _____] filed by Kenneth A. Welt, the

Chapter 7 Trustee (the "Trustee") for the Debtor Mapuche LLC (the "Debtor").   Upon the

representations that Glenn D. Moses, Esq. is duly admitted to practice in this Court, that Glenn

D. Moses, Esq. and the law firm of Genovese Joblove & Battista, P.A. (collectively the "Applicants") hold no interest adverse to the estate in the matters upon which they are engaged, that the Applicants are disinterested persons as required by 11 U.S.C. §327(a) of the Bankruptcy Code, and have disclosed any connections with parties set forth in FRBP 2014, and that their employment is necessary and would be in the best interests of the Debtor's estate, it is

**ORDERED** that the Trustee is authorized to employ Genovese, Joblove & Battista, P.A. as counsel, to the date when services were first rendered, on an hourly rate basis subject to Bankruptcy Court approval pursuant to 11 U.S.C. §§327 and 330 of the Bankruptcy Code.

###

**Copy furnished upon:**

Glenn D. Moses, Esq.
*Counsel for the Trustee*
Genovese Joblove & Battista, P.A.
100 SE 2nd Street, Suite 4400
Miami, FL 33131
Tel: (305) 349-2300
Fax: (305) 349-2310
gmoses@gjb-law.com

[Attorney Moses shall mail a copy of this Order upon all interested parties.]

2