## UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA

| | | |
|---|---|---|
| In Re: | : | CHAPTER 7 |
| | : | |
| MAPUCHE LLC, | : | |
| | : | No. 14-32827 (JKO) |
| Debtor. | : | |

## MOTION OF TANGSHAN GANGLU IRON & STEEL COMPANY, LTD. FOR RELIEF FROM THE AUTOMATIC STAY PURSUANT TO 11 U.S.C. § 362(d) AND FEDERAL RULE OF BANKRUPTCY PROCEDURE 4001

Tangshan Ganglu Iron & Steel Company, Ltd. ("*Ganglu*"), by and through its undersigned counsel, Duane Morris LLP, respectfully moves this Court for relief from the automatic stay and entry of an order pursuant to 11 U.S.C. § 362(d) for the limited purpose of permitting: (i) Ganglu to proceed with obtaining an Order concerning findings of fact, already promulgated by the Honorable Jack Tuter of the 17th Judicial Circuit in and for Broward County, Florida (the "*State Court*") in the matter styled as *Tangshan Ganglu Iron & Steel Company, Ltd. v. Mapuche LLC (the "Debtor") and Wei Chen* ("*Chen*" or "*Mr. Chen*") at Case No. CACE-14-009677 (the "*State Court Action*"); and (ii) the State Court Action to proceed to solely address the issue of whether Ganglu ratified the actions of Mr. Chen.

## JURISDICTION

1.      This is a "core" proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (G), over which this Court has jurisdiction pursuant to 28 U.S.C. § 1334.

2.      The statutory predicates for the requested relief include Sections 105 and 362 of Title 11 of the United States Code (the "*Bankruptcy Code*"), and Rule 4001(a) of the Federal Rules of Bankruptcy Procedure (the "*Bankruptcy Rules*").

## BACKGROUND

3.      On October 14, 2014 (the "***Petition Date***"), Mr. Chen filed, purportedly on behalf of the Debtor, a voluntary petition for relief under chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of Florida (the "***Bankruptcy Court***"), thereby commencing the above-captioned case (the "***Bankruptcy Case***").[1]

4.      Prior to the commencement of this Bankruptcy Case, Ganglu, the Debtor's majority member (owing at least eighty, if not, ninety nine percent of the Debtor's membership interests, had commenced the State Court Action seeking, *inter alia*, a finding from the State Court that the Third Amended and Restated Limited Liability Company Agreement of Mapuche LLC (the "***Third Operating Agreement***") was not the true, current and binding operating agreement of the Debtor.

5.      In addition, Ganglu, as part of the State Court Action, questioned the signature of Zeng Zeng Du ("***Du***"), the Chairman of Ganglu, on a certain Joint Unanimous Written Consent of Members and Managers dated as of April 2010 (the "***Joint Unanimous Written Consent***") which would have made the Third Operating Agreement the binding operating agreement for the Debtor.

6.      As part of the State Court Action and in response to the claims of Ganglu, Chen argued that even if the Third Operating Agreement was not the operative agreement by and between the parties, Ganglu had "ratified" the Third Operating Agreement and the actions of both the Debtor and Chen taken in connection therewith.

---

[1] As detailed herein, one of the issues involved in the State Court Action concerns whether Chen, the "purported" manager of the Debtor, has the requisite authority to commence a voluntary bankruptcy case.  Notwithstanding anything contained herein to the contrary, Ganglu reserves any and all of its rights to contest the propriety of Mr. Chen's actions, including, without limitation, whether he had the requisite authority to authorize the filing of the Bankruptcy Case.

7.      On July 31, 2014, prior to the Petition Date at the request of the Debtor and Chen and based upon the agreement of the parties, the State Court entered an order setting a trial date to determine the issue of which operating agreement controlled the management of the Debtor.

8.      Originally, the trial was supposed to be held on September 22 and September 24, 2014; however, these dates were continued until October 1 and 3, 2014, respectively, at the request of the Debtor.

9.      After the parties conducted extensive discovery, including, the taking of numerous depositions, and after a three day evidentiary hearing from October 1-3, 2014 (the "***October 1-3, 2014 Hearing***"), the State Court made factual findings on the record (the "***Factual Findings***").

10.      Specifically, the State Court found that "by any stretch of the burden of proof, whether it's the civil burden, the criminal burden or the punitive damages burden," Mr. Du did not execute the Joint Unanimous Written Consent and, as such, that Mr. Du's signature to the Joint Unanimous Written Consent was a forgery.  A true and correct copy of the transcript of the Factual Findings from the October 1-3, 2014 Hearing (the "***Transcript***") is attached hereto as Exhibit "A".

11.      After the State Court announced the Factual Findings, at the conclusion of the October 1-3, 2014 Hearing, the State Court ordered Ganglu's counsel to prepare the form of order after evidentiary hearing setting forth findings of fact consistent with the State Court's decision.[2]

---

[2] The State Court took under advisement the issue of whether Ganglu had "ratified" the Third Operating Agreement and would consider it on motion for rehearing after the order after evidentiary hearing was entered.  *See*, Exhibit A, Transcript, p. 9: 9-18 (emphasis added).  While Ganglu has yet to file an opposition to Chen's ratification motion, Ganglu is fully prepared to do so in the event the stay is lifted.  Other than Ganglu's opposition, the ratification issue is essentially teed up and ready for adjudication by the State Court.

12.     However, prior to the parties' submission of the proposed form of order after evidentiary hearing setting forth the State Court's findings of fact, the Bankruptcy Case was filed.

## RELIEF REQUESTED

13.     Ganglu hereby files this Motion, seeking an Order granting relief from the automatic stay, to: (i) permit Ganglu to submit a proposed form of order after evidentiary hearing to the State Court, consistent with the findings of fact promulgated by the State Court; (ii) permit the State Court to enter/approve the proposed form of order, consistent with the State Court's directive as set forth in the Transcript of the Factual Findings; and (iii) permit the State Court to address and decide the ratification issue.

## Ganglu Is Entitled To Relief From The Automatic Stay For Cause

14.     Bankruptcy Code § 362(d)(1) provides that "upon the request of a party in interest and after notice and a hearing, the Court shall grant relief from the [automatic] stay . . . for cause, including lack of adequate protection . . . ." 11 U.S.C. § 362(d)(1).

15.     Other than for lack of adequate protection, the Bankruptcy Code does not define the term "cause," leaving courts to consider what constitutes cause based on the totality of circumstances in each particular case. *See Disciplinary Bd. v. Feingold (In re Feingold)*, 730 F.3d 1268, 1276-77 (11th Cir. 2013) (citing *Baldino v. Wilson (In re Wilson)*, 116 F.3d 87, 90 (3d Cir. 1997)); *In re Crews*, 2012 Bankr. LEXIS 3975 (Bankr. M.D. Fla. Feb. 13, 2012) (citing *Beane v. United States (In re Beane),* 404 B.R. 942, 948 (M.D. Fla. 2008)); *Maintainco, Inc. v. Mitsubishi Caterpillar Forklift Am., Inc. (In re Mid-Atlantic Handling Sys., LLC)*, 304 B.R. 111, 129-30 (Bankr. D.N.J. 2003).

DM3\3050270.5

16.     However, a bankruptcy court is granted discretion to determine whether to lift the automatic stay for cause, and a court must determine what constitutes cause based on the totality of the circumstances of each particular case.  *Mack v. Chambers (In re Mack)*, No. 6:06-cv-1782-Orl-19, 2007 U.S. Dist. LEXIS 30114  *8-9 (Bankr. M.D. Fla. Apr. 24, 2007) (*citing In re Dixie Broad., Inc.*, 871 F.2d 1023, 1026 (11th Cir. 1989); *In re Laminate Kingdom LLC*, No. 07-10279-BKC-AJC, 2008 Bankr. LEXIS 1594. *9-10 (Bankr. S.D. Fla. Mar. 13, 2008).

17.     In deciding whether there is sufficient cause to lift the automatic stay, a court must weigh the interests of the estate against the harm that may befall the movant if relief is denied.  *See Therrien v. Burnett (In re Burnett)*, No. 6:09-bk-01279-KSJ, 2010 Bankr. LEXIS 3216, *15 (Bankr. M.D. Fla. Sept. 29, 2010).[3]

18.     In this case, other than the impact of the stay and the balance of harms, virtually none of the aforementioned factors are at play, particularly given the limited nature of the relief requested.

---

[3] In determining whether to grant a motion for relief from the automatic stay, courts will often rely upon the following factors:

> 1) whether relief would result in a partial or complete resolution of the issues; 2) lack of any connection with or interference with the bankruptcy case; 3) whether the other proceeding involves the debtor as a fiduciary; 4) whether a specialized tribunal with the necessary expertise has been established to hear the cause of action; 5) whether the debtor's insurer has assumed full responsibility for defending it; 6) whether the action primarily involves third parties; 7) whether litigation in another forum would prejudice the interests of other creditors; 8) whether the judgment claim arising from the other action is subject to equitable subordination; 9) whether the moving party's success in the other proceeding would result in a judicial lien avoidable by the debtor; 10) the interests of judicial economy and the expeditious and economical resolution of litigation; 11) whether the parties are ready for trial in the other proceeding; and 12) impact of the stay on the parties and the balance of the harms.

*Mid-Atlantic Handling*, 304 B.R. at 129-130; *see also In re SCO Group, Inc.*, 395 B.R. 852, 857 (Bankr. D. Del. 2007) (citing *In re Sonnax Indus., Inc. v. Tri Component Prods. Corp.*, 907 F.2d 1280, 1287 (2d Cir. 1990)). Depending on the facts and circumstances of the case, certain of these factors will be irrelevant or will be less relevant than other factors and it is not necessary that all factors weigh in favor of lifting the stay.  *See Mid-Atlantic Handling*, 304 B.R. at 129-130; *see also In re Mattera*, No. 05-39171, 2006 Bankr. LEXIS 4083 at *15 (Bankr. D.N.J. 2006) ("All twelve factors are not necessarily present in a particular case, and a court need not rely on any plurality of factors in deciding whether to lift the automatic stay.").

19.     However, with respect to the impact of the stay and the balance of harms,[4] there really can be no issue as, simply put, there is no harm to the Debtor's estate in the event the stay is lifted, as the State Court has already decided the issue at the heart of the matter – namely, whether Mr. Du signed the Joint Unanimous Written Consent.

20.     Indeed, but for the Debtor's filing the Bankruptcy Case prior to the submission of a proposed form of order after evidentiary hearing setting forth the State Court's Factual Findings, the State Court would have already entered such an order.

**WHEREFORE**, for the foregoing reasons, Ganglu respectfully requests that this Court grant the Motion and enter an Order:  (a) lifting the automatic stay to permit: (i) Ganglu to submit a proposed form of order after evidentiary hearing consistent with the Factual Findings (ii) the State Court enter such form of order; and (iii) the State Court to address the ratification issue; and (b) granting any other and further relief that this Honorable Court deems just and proper.

---

[4] Another common standard used by courts to determine whether relief from the stay is proper is the three-factor test identified in *Izzarelli v. Rexene (In re Rexene Prods. Co.)*, 141 B.R. 574, 576 (Bankr. D. Del. 1992).  *See In re SCO Group, Inc.*, 395 B.R. 852, 857 (Bankr. D. Del. 2007).  This test includes consideration of the following three factors: "1. Whether any great prejudice to either the bankrupt estate or the debtor will result from continuation of the civil suit; 2. Whether the hardship to the non-bankrupt party by maintenance of the stay considerably outweighs the hardship to the debtor; and 3. The probability of the creditor prevailing on the merits."  *Id.*  For the reasons set forth herein, these factors all weigh overwhelmingly in favor of stay relief, especially since the State Court has already decided the issue at hand.

DM3\3050270.5

Dated:  October 17, 2014

Respectfully submitted,

DUANE MORRIS LLP

By:/s/ Nicole L. Levy
Lida Rodriguez-Taseff, Esq.
Florida Bar No.: 039111
LRTaseff@duanemorris.com
Scott H. Marder, Esq.
Florida Bar No.: 894450
SHMarder@duanemorris.com
Nicole L. Levy, Esq.
Florida Bar No.: 106995
NLLevy@duanemorris.com
200 South Biscayne Boulevard, Suite 3400
Miami, Florida 33131
Telephone: 305.960.2242
Facsimile:  305.397.2443

Secondary Emails:
DPerez@duanemorris.com
YArnavat-Parga@duanemorris.com

Rudolph J. DiMassa, Esquire
Pennsylvania Bar No.: 35492
dimassa@duanemorris.com
Lawrence J. Kotler, Esquire
Pennsylvania Bar No. 56029
ljkotler@duanemorris.com
30 South 17th Street
Philadelphia, PA 19103
Telephone:  215.979.1000
Facsimile:  215.979.1020

*Attorney for Tangshan Ganglu  Iron & Steel
Company, Ltd.*

7

DM3\3050270.5